# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JORGE MCNISH-LEWING, on behalf of himself and all others similarly situated, | **CLASS ACTION COMPLAINT** |
| Plaintiff, | |
| v. | **Civil Action No.** |
| ACCOUNTS RECEIVABLE MANAGEMENT, INC., | **JURY TRIAL DEMANDED** |
| Defendant. | |

## CLASS ACTION COMPLAINT

**I.  INTRODUCTION**

1. This action is brought by Plaintiff Jorge McNish-Lewing, on behalf of himself and all others similarly situated, for statutory damages against Defendant Accounts Receivable Management, Inc. for violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 *et seq.* (hereinafter referred to as "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

**II.  JURISDICTION**

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331. Venue is proper in this district as all relevant events took place here.

**III.  PARTIES**

3. Plaintiff Jorge McNish-Lewing is an individual who resides in Fayetteville, North Carolina, and is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

4. Defendant Accounts Receivable Management, Inc. is a corporation and collection agency located in Thorofare, New Jersey.

5. Defendant is engaged in the collection of debts from North Carolina consumers using the mail and telephone.

6. Defendant regularly attempts to collect consumer debts alleged to be due to another.

7. Defendant was and is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

8. Plaintiff had a personal credit card account with Bank of America.

9. Plaintiff was unable to pay his account and incurred an alleged debt to Bank of America ("the Debt").

10. The Debt was incurred for personal, family, or household purposes, *i.e.*, personal credit card debt.

11. Defendant obtained the Debt after it entered default.

12. By correspondence dated January 7, 2011, Defendant arranged for the preparation and transmittal of a letter to Plaintiff at his residence in an attempt to collect the Debt. Defendant's January 7, 2011, letter to Plaintiff is attached hereto as Exhibit A.

13. Exhibit A contains, on the front side of the letter:

> Dear Jorge L McNish-Lewing,
>
> Your creditor has authorized us to extend a special offer to settle this account with you at a significantly reduced amount. In order to take advantage of this money saving opportunity, please contact us at the number below.
>
> TOLL FREE 866-932-6805
>
> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

14. Exhibit A was the initial written communication from Defendant to Plaintiff.

15. Defendant failed to inform Plaintiff in the letter attached as Exhibit A that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose.

16. Defendant failed to inform Plaintiff in the letter attached as Exhibit A that the letter is from a debt collector.

17. The reverse side of Exhibit A contains no text; it is blank.

## V. DEFENDANT'S POLICIES AND PRACTICES

18. Exhibit A is a form letter that Defendant regularly sends to consumers to solicit payment.

19. It is the standard policy and practice of Defendant to fail to identify in collection letters that the communication is from a debt collector.

20. It is the standard policy and practice of Defendant to fail to identify that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose.

21. To ensure that consumers are aware when communicating with or being contacted by a collection agency that the company is a debt collector, the debt collector must disclose to the consumer that the communication is from a debt collector and the information gathered will be used for the purpose of collecting a debt. 15 U.S.C. § 1692e(11). However, Defendant's use of its form letter, Exhibit A, fails to disclose that defendant is a debt collector or that the purpose of the communication is to collect a debt.

## VI. CLASS ALLEGATIONS

22. This action is brought as a class action. Plaintiff defines the class as (i) all persons with addresses within the state of North Carolina (ii) who were sent a letter from Defendant in the form of Exhibit A (iii) to recover a debt allegedly owed to Bank of America (iv) which was not returned undelivered by the United States Postal Service (v) during the period of time one-year prior to the filing of this Complaint through 21 days after the filing of this Class

Action Complaint.

23. Defendant sent a letter in the form of <u>Exhibit A</u> to more than 50 persons with addresses in North Carolina to recover a debt allegedly owed to Bank of America which was not returned undelivered by the United States Postal Service during the period of time one-year prior to the filing of this complaint through 21 days after the filing of this complaint.

24. The class is so numerous that joinder of all members is impractical.

25. There are questions of law and fact common to the class, which predominate over any questions affecting only individual class members. The principal issue is whether Defendant violated the FDCPA by:

    A) failing to notify consumers in collection letters that the communication was from a debt collector in violation of 15 U.S.C. § 1692e(11);

    B) failing to notify consumers in the initial collection letter that the communication was an attempt to collect a debt and any information obtained will be used for that purpose in violation of 15 U.S.C. § 1692e(11)

26. There are no individual questions, other than whether a class member was sent a letter in the form of <u>Exhibit A</u>, which can be determined by ministerial inspection of Defendant's records.

27. Plaintiff will fairly and adequately protect the interests of the class.

28. Plaintiff has retained counsel experienced in handling class claims and claims involving unlawful collection practices.

29. The questions of law and fact common to the class predominate over any issues involving only individual class members. The principal issue is whether Defendant's letter in the form of <u>Exhibit A</u> violates the FDCPA, 15 U.S.C. § 1692 *et seq*.

30. Plaintiff's claims are typical of the claims of the class, which all arise from the same operative facts and are based on the same legal theories.

31. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with Federal law.

The interest of class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual FDCPA action are $1,000.00. Management of these class claims are likely to present significantly fewer difficulties than those presented in many class actions, e.g., for securities fraud.

## VII. COUNT ONE – FAIR DEBT COLLECTION PRACTICES ACT

32. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

33. Defendant's violations of the FDCPA include, but are not limited to:

   A) failing to notify consumers in collection letters that the communication was from a debt collector in violation of 15 U.S.C. § 1692e(11);

   B) failing to notify consumers in the initial collection letter that the communication was an attempt to collect a debt and any information obtained will be used for that purpose in violation of 15 U.S.C. § 1692e(11).

34. As a result of Defendant's violations of the FDCPA, Plaintiff and the class members are entitled to an award of statutory damages, costs and reasonable attorney fees.

## VIII. REQUEST FOR RELIEF

WHEREFORE, Plaintiff Jorge McNish-Lewing requests that judgment be entered in his favor and in favor of the class against Defendant Accounts Receivable Management, Inc. for:

   A. Certification of this matter as a class action;

   B. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

   C. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

   D. For such other relief as the Court may find to be just and proper.

/s/ Joseph A. Bledsoe, III
Joseph A. Bledsoe, III
THE BLEDSOE LAW FIRM
3217 Friendly Road
Fayetteville NC 28304
910.223.3277

Craig M. Shapiro
KEOGH LAW, LTD.
101 North Wacker Drive, Suite 605
Chicago, Illinois 60606
312.726.1092
312.726.1093  (Facsimile)
LR 83.1(e) Counsel by Special Appearance

ATTORNEYS FOR PLAINTIFF JORGE MCNISH-LEWING